Saravia v. Holder

BIA
Abrams, IJ
A094 099 666

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand thirteen.

PRESENT:
>        BARRINGTON D. PARKER,
>        GERARD E. LYNCH,
>        CHRISTOPHER F. DRONEY,
>            *Circuit Judges.*

_____

LUIS A. SARAVIA, AKA LUIS ANTONIO
SARAVIA OLIVO,
>        *Petitioner*,

>    v.                                     12-2278
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:      Bruno Joseph Bembi, Hempstead, New
                     York.

FOR RESPONDENT:      Stuart F. Delery, Principal Deputy
                     Assistant Attorney General; Francis
                     W. Fraser, Senior Litigation
                     Counsel; Christina J. Martin, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Luis A. Saravia, a native and citizen of El Salvador, seeks review of a May 11, 2012, decision of the BIA affirming the June 21, 2010, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub.L.No. 105-100, 111 Stat. 2160 *amended by* Pub.L.No. 105-139, 111 Stat. 2644 (codified as amended in scattered sections of 8 C.F.R. §1240), ("NACARA") for lack of hardship, and denied his applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT") because of changed circumstances, namely that the civil war in El Salvador had ended. *In re Luis A. Saravia*, No. A094 099 666 (B.I.A. May 11, 2012), *aff'g* No. A094 099 666 (Immig. Ct. N.Y. City June 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

## I.   ABC Class Membership

Saravia alleges he is a class member under the *American Baptist Churches v. Thornburgh* ("ABC"), 760 F. Supp. 796 (N.D. Cal. 1991), settlement agreement and was thus entitled to a *de novo* asylum interview with the United States Citizenship and Immigration Service ("USCIS").  Because the IJ properly continued proceedings to allow Saravia to pursue an interview with USCIS, Saravia has identified no error in the agency's decision.  *See* 8 C.F.R. § 1240.70(f)(2).  To the extent Saravia wishes to challenge USCIS's denial of an interview, the correct course of action is to appeal the USCIS decision to the federal district court.  *ABC*, 760 F. Supp. at 810 (¶ 35) (stating that individual class members are "entitled to seek enforcement of the provisions hereof by initiating a separate proceeding in any federal district court").

Moreover, Saravia has not been deprived of due process as he was provided an opportunity to present his asylum claim before the IJ and BIA.  *See ABC*, 760 F. Supp. at 822 ("The purpose of the interviews of *ABC* class members is to provide these asylum applicants with an opportunity to fully present their claims for asylum without regard to any prior

3

decision regarding their claim."); *see also* 8 C.F.R. § 1240.70(f)(2) (providing that where result of USCIS interview is denial of asylum, an applicant may proceed before an IJ).  Saravia has not argued how the failure to first have an ABC asylum interview damaged his chance of obtaining asylum.  *See generally Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (finding no due process violation when the petitioner could not demonstrate prejudice).

**II.  NACARA/Special Rule Cancellation**

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(I), we lack jurisdiction to review the denial of special rule cancellation of removal.  *See also* NACARA, § 203(a)(1).  We retain jurisdiction, however, to review constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).  The only question of law Saravia raises is whether he was entitled to a presumption of hardship.

As an ABC class member, Saravia was eligible for special cancellation of removal.  8 C.F.R. §§ 1240.61, 1240.66.  Because of his criminal conviction, however, he was subject to the heightened standards under 8 C.F.R. § 1240.66(c).  Although a presumption of "extreme hardship"

4

exists for ABC class members, *see* 8 C.F.R. § 1240.64(d), the presumption does not apply to applicants like Saravia who are inadmissible based on criminal convictions and are required to show "exceptional and extremely unusual hardship." *See Gonzalez-Ruano v. Holder*, 662 F.3d 59, 61 (1st Cir. 2011). ("[An] applicant [for relief under 8 C.F.R § 1240.66©] loses the benefit of the presumption under the hardship prong." (citing 8 C.F.R. § 1240.64(d))).  Because the agency applied the proper hardship standard, and we lack jurisdiction to further review the merits of the hardship determination, we dismiss this part of the petition for lack of jurisdiction.  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008).

**III. Asylum, Withholding, and CAT**

With respect to asylum, Saravia argues the agency failed to afford him the proper presumptions and to consider all his evidence.  Even assuming we retain jurisdiction to review his arguments, *see* 8 U.S.C. § 1252(a)(2)© & (D), they are without merit.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006).

Saravia argues that the IJ failed to make credibility and past persecution findings, and failed to accord him a presumption of a well-founded fear of persecution based on

5

his demonstration of past-persecution. However, the IJ assumed both credibility and past persecution were established, as he concluded that the government had demonstrated changed country conditions in El Salvador, an analysis which necessarily presumes credible testimony and past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Because Saravia did not allege that the Salvadoran government was now looking for him, and the harm he suffered due to the civil war was the sole basis for his claim, the end of the war constituted a change in circumstances such that he no longer had a well-founded fear. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (citing to State Department Reports on El Salvador for the proposition that "since the signing of the peace accords in January 1992, the country's political and social conditions have materially changed.").

Saravia also argues that the death of his sister and his father's assault are sufficient examples of harm to rebut the showing of changed circumstances and establish a well-founded fear. However, the agency correctly noted that Saravia was unable to establish any political motive for his sister's killing, and failed to demonstrate that his father was attacked and robbed for anything other than financial

6

gain.  *See Melgar de Torres*, 191 F.3d at 314 & n.3 (noting that "general crime conditions are not a stated ground [for asylum]" and "[g]eneral violence in El Salvador does not constitute persecution").  Because Saravia's claims are all based on the same factual predicate, and he was unable to meet the lower burden for asylum, he necessarily is unable to meet the higher standard required for withholding of removal or CAT relief.  *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

   For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7